Marty C. MARRAN

v.

STATE of Rhode Island et al.

No. 95–101–M.P.

Supreme Court of Rhode Island.

March 18, 1996.

Marty C. Marran, Cranston, for Plaintiff.

M. Teresa Paiva Weed, Joseph J. Nicholson, Newport, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on January 26, 1996, pursuant to an order directing the parties to appear and show cause why the issues raised in this petition should not be summarily decided.

The petitioner, Marty C. Marran, filed a petition for an issuance of a writ of certiorari to review an adverse decision of the Appellate Division of the Administrative Adjudication Court regarding a traffic violation charged against him in the city of Newport.

After reviewing the memoranda submitted by the parties and after hearing oral arguments, this court concludes that cause has not been shown and that the issues raised in this petition will be decided at this time.

The petitioner was operating a motor vehicle in the city of Newport shortly after midnight on August 18, 1995. He allegedly drove north on Warner Avenue, applied his brake for a Stop sign at the intersection of Warner and Newport Avenues, and then turned eastward onto Newport Avenue. The petitioner traveled the length of Newport Avenue before turning southward onto Broadway. On Broadway petitioner's vehicle was approached from behind by a Newport police cruiser. A Newport police officer stopped petitioner and cited him for traveling the wrong way on Newport Avenue.

Newport Avenue has been designated by local ordinance as one way and admits lawful travel only in a westerly direction. At the intersection where petitioner made his turn onto Newport Avenue there was no One Way sign posted. There are, however, two Do Not Enter signs that face west and are designed to warn drivers traveling east that they may not cross Warner Avenue and continue eastward on Newport Avenue. As petitioner approached the subject intersection, traveling north on Warner Avenue, these Do Not Enter signs presented only their edges to him. At the intersection of Newport Avenue and Broadway, One Way signs are posted, but these signs were visible to petitioner only after the alleged offense occurred. The petitioner asserts that after seeing these One Way signs, he reacted immediately by turning off Newport Avenue.

After trial in the Newport Municipal Court, petitioner was found guilty of traveling the wrong way on a one-way street. He appealed to a three-member panel of the Administrative Adjudication Court, and the panel affirmed the decision of the Newport Municipal Court. Subsequently this court granted Marran's petition for issuance of a writ of certiorari.

■ We have held that the Administrative Adjudication Court may not substitute its decision for that of the hearing justice's decision. Rather the appeals panel is limited to a determination of whether the hearing justice's decision is supported by legally competent evidence. *Link v. State,* 633 A.2d 1345, 1348 (R.I.1993). This court will not reverse a decision of the appeals panel unless it misapplied the law, misconceived material evidence, or made findings that were clearly wrong. *Id.*

■ In this case, petitioner was charged with violating G.L.1956 § 31–15–9(b), which provides that "[u]pon a roadway designated and signposted for one-way traffic a vehicle shall be driven only in the direction designated." On appeal petitioner contends that absent a one way sign posted at the subject intersection as mandated by the *Manual on Uniform Traffic Control Devices,* his alleged traffic violation cannot be sustained.

The Rhode Island General Assembly, pursuant to § 31–13–1(b), has delegated to the state traffic commission the responsibility of adopting a manual of regulations establishing a uniform system of traffic-control signals, devices, signs, and markings consistent with chapters 12 through 27 of title 31. The state traffic commission has, in turn, adopted the Federal *Manual on Uniform Traffic Control Devices* (manual). This manual sets forth what an "appropriate" or "official" traffic sign is in terms of its size, design, and placement. According to § 2B–29 of the manual, the One Way sign

"*shall* be used *when required* to indicate streets or roadways upon which vehicular traffic is allowed to travel in one direction only.

"One Way signs *shall* be placed on the near right-hand and the far left-hand corners of the intersection at nonsignalized intersections so as to face traffic entering or crossing the one-way street. (Figure 2–3, page 2A-[17] )." (emphasis added.)

The term "shall" is described in the manual as a mandatory condition. *Manual on Uni-*

*form Traffic Control Devices* § 1A–5 (1988 ed.). Further, § 2B–15 of the manual which concerns turn-prohibition signs states:

> "Turn Prohibition signs *should* be used to indicate the turns that are prohibited or restricted at a particular intersection.
>
> " * * *
>
> "At an intersection where one or more approaches to the intersection are limited to one way traffic, whether signalized or not, the *ONE WAY sign* (Sec. 2B–29) *shall be used,* and *may be supplemented* by the Turn Prohibition sign." (Emphasis added.)

Consequently the manual mandates the posting of One Way signs at intersections such as the one located at Warner and Newport Avenues.

We recognize that under § 31–12–12(4) the city of Newport has the authority to designate local streets as one way and may place and maintain traffic-control signs and other safety devices upon roadways under their jurisdiction as they may deem necessary to carry out the provisions of chapters 12 through 27 of title 31. Section 31–13–3. However, these signs and safety devices must conform to the regulations and specifications established by the state traffic commission. *Id.* In addition under § 31–12–13 and § 31–13–5:

> "No ordinance or regulation enacted under subdivision (4) * * * of § 31–12–12 shall be effective until signs giving notice of the local traffic regulations are posted upon or at the entrances to the highway or part thereof as may be most appropriate." Section 31–12–13.
>
> "No provisions of chapters 12—27, inclusive, of this title for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation, an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person." Section 31–13–5.

We conclude that the failure of the Newport city authorities to install appropriate One Way signs at the subject intersection rendered ineffective the ordinance making Newport Avenue a one-way street. In these circumstances the defendant could not have been found to have violated § 31–15–9(b) as a matter of law.

For the reasons stated, the petition for certiorari is granted and the adjudication of guilt appealed from is quashed. The papers of the case are remanded to the Administrative Adjudication Court for entry of judgment consistent with this opinion with our decision endorsed thereon.